# IN RE FABER.

PATENTS; PATENTABILITY; ANTICIPATION.

1. A patent should not be granted where the alleged invention is a mere modification of the principles involved in former inventions or discoveries.

2. A valid patent cannot be issued for an improvement which is simply a new application of knowledge already familiar to those skilled in the art.

3. The claims of an application for a patent for a surgical dressing, comprising a binding impregnated with an ointment having an oleaginous base, *held* to be anticipated by two patents, one disclosing an antiseptic dressing without such a base, and the other a liniment having such a base.

No. 499.  Patent Appeals.  Submitted May 18, 1908.  Decided June 2, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting an application for a patent.  *Affirmed.*

The facts are stated in the opinion.

*Mr. James A. Carr* and *Mr. E. S. Clarkson* for the appellant.

*Mr. Frederick A. Tennant* for the Commisioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the Commissioner of Patents refusing to grant a patent to the appellant, Herman W. Faber, for a surgical dressing.  The claims upon which the application for patent is based are nine in number, but the following sufficiently disclose the invention:

"1. A surgical dressing comprising a binding medium cellu-

larly and interstitially impregnated and superficially coated
with an ointment having an oleaginous base.

"4. A surgical dressing comprising a binding material cellu-
larly and interstitially impregnated and superficially coated
with an ointment having a non-adhesive, non-absorbent base and
containing a refrigerating anæsthetic and non-irritating antisep-
tic."

The claims were rejected because of the state of the art as
shown in two former patents. A patent issued June 28, 1881,
to one Rosenwasser, discloses an antiseptic dressing closely re-
sembling appellant's, except that it had no oleaginous base.
This base, however, is disclosed fully in a patent issued to one
Doppelmayer on October 7, 1890. The Examiners-in-Chief re-
ferred to appellant's alleged invention, and to thes patents, as
follows: "In our opinion, the article produced is obviously lack-
ing in invention, in view of matters of common knowledge. To
use a bandage or dressing impregnated with an ointment is so
well known and in such common use that judicial notice may be
taken of it. It is well known that such dressing prevents drying
of the wound, and prevents the bandage from adhering to the
parts. The patent to Rosenwasser discloses an antiseptic dress-
ing, and, except for the absence of the oleaginous base, substan-
tially anticipates the dressing here claimed. We agree with the
examiner that there was no invention in adding the oleaginous
base. The patent to Doppelmayer discloses a liniment having
an oleaginous base, and while the patentee states in his specifi-
cation that he prefers to use it without bandaging the wound,
we are of the opinion that one who prefers to, and does in fact,
use it on a bandage, does not thereby become an inventor. This
patent shows that an oleaginous base may be combined with the
ordinary antiseptics used in treating a wound, and to use the
compound produced in one of the ordinary ways in which oint-
ments and antiseptics are used is, in our opinion an obvious ex-
pedient."

It was held by all of the tribunals of the Patent Office that
there is nothing new in the custom of applying ointment to a

cloth which is to be used as a bandage, as described in the claims of appellant. The mere combination of the articles disclosed in the two former patents will not constitute an invention, unless it results in producing a new and useful article not applied by those familiar with the state of the art. A patent should not be issued where the alleged invention is a mere modification of the principle involved in former inventions or discoveries. It is well settled that a valid patent cannot be issued for an improvement which is simply a new application of knowledge already familiar to those skilled in the art. *Ryan* v. *Hard,* 145 U. S. 241, 36 L. ed. 691, 12 Sup. Ct. Rep. 919; *Grant* v. *Walter,* 148 U. S. 547, 37 L. ed. 552, 13 Sup. Ct. Rep. 699; *Market Street Cable R. Co.* v. *Rowley,* 155 U. S. 621, 39 L. ed. 284, 15 Sup. Ct. Rep. 224.

The record, we think, discloses that appellant's alleged invention contains nothing new to those skilled in the art. The application of the principles involved in the issue are obvious to those familiar with the use of such bandages in connection with the performance of surgical operations. Where this is apparent, no patent should issue. As stated in *Hollister.* v. *Benedict & B. Mfg. Co.* 113 U. S. 59, 28 L. ed. 901, 5 Sup. Ct. Rep. 717: "It is but the display of the expected skill of the calling, and involves only the exercise of the ordinary faculties of reasoning upon the materials supplied by a special knowledge, and the facility of manipulation which results from its habitual and intelligent practice; and is in no sense the creative work of that inventive faculty which it is the purpose of the Constitution and the patent laws to encourage and reward."

We fully agree with the conclusions of the Commissioner, and his decision is affirmed. The clerk will certify these proceedings as required by law.                    *Affirmed.*